**CRIMINAL COMPLAINT**
(Submitted electronically)

| United States District Court | DISTRICT of ARIZONA |
|---|---|
| United States of America<br>v.<br>**Luis Salvador Flores**; DOB: 1972; United States Citizen | DOCKET NO.<br>**20-03139MJ**<br>MAGISTRATE'S CASE NO. |

Complaint for violation of: Title 21, United States Code, Section 846; and Title 18, United States Code, Section 924(c)(1)(A)(i)

**COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:**

<u>Count 1</u>: Beginning at a time unknown, and continuing to on or about November 17, 2020, at or near Tucson, in the District of Arizona, **Luis Salvador Flores** did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to possess with intent to distribute 50 grams or more of methamphetamine, or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

All in violation of Title 21, United States Code, Section 846.

<u>Count 2</u>: On or about November 17, 2020, at or near Tucson, in the District of Arizona, **Luis Salvador Flores** did knowingly possess a firearm; to wit, one Glock Model 19 9mm firearm (serial number BPWV176), in furtherance of a drug trafficking crime for which **Luis Salvador Flores** may be prosecuted in a court of the United States; to wit, Conspiracy to Possess with Intent to Distribute Methamphetamine; in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

**BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:**

See Attached Basis of Complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

**MATERIAL WITNESSES IN RELATION TO THE CHARGE:**

DETENTION REQUESTED
Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge.

AUTHORIZED AUSA /s/ Michael R. Lizano (MRP)

Sworn to telephonically.

SIGNATURE OF COMPLAINANT (official title)
*[signature]*
OFFICIAL TITLE
Anthony Acosta
Special Agent, Drug Enforcement Administration

SIGNATURE OF MAGISTRATE JUDGE[1]
*Leslie A. Bowman*

DATE
November 18, 2020

[1] See Federal rules of Criminal Procedure Rules 3, 4.1 and 54

BASIS OF COMPLAINT'S CHARGE AGAINST THE ACCUSED:

### Negotiation of the Sale of 200 Pounds of Methamphetamine

1. In November 2020, a Drug Enforcement Administration ("DEA") special agent acting in an undercover capacity (the "UC") negotiated with two members of a Mexico-based drug trafficking organization ("DTO"), a broker ("Broker") and a Source of Supply ("SOS"), to purchase two hundred pounds of methamphetamine in Tucson, Arizona in exchange for $460,000.00. The UC had recorded telephonic communications with the Broker and the SOS regarding the sale of this methamphetamine.

2. On November 16, 2020, the UC had multiple recorded communications with the SOS and the Broker concerning the logistics of this transaction. The parties agreed that, on November 17, 2020, the UC would have an introductory meeting with a courier working for the SOS. After the meeting, the UC would provide a specific location to the courier where the exchange of narcotics would occur. (The UC had mentioned to the Broker that the UC had available a secure location where the parties could meet to accomplish the sale.) Once the courier was provided with the meeting location, the UC and the courier would part ways and the courier would retrieve the two hundred pounds of methamphetamine and bring it to the secure location. The UC would be waiting for the courier at that location with payment for the drugs in hand.

### Meeting with Luis Salvador Flores at Top Golf

3. On November 17, 2020, in recorded communications, the UC told the SOS that the UC would have the introductory meeting with the courier at Top Golf and provided the address for Top Golf in the Tucson area. The SOS then advised the UC that he had passed the address to his courier and that the courier would meet the UC there.

4. At approximately 1:39 p.m., a Hispanic male wearing a white shirt, blue jeans shorts and black glasses entered the bar area at Top Golf where the UC was waiting. This male, later identified as **Luis Salvador Flores**, matched the description provided by the SOS to the UC moments earlier. **Flores** greeted the UC. The UC and **Flores** then discussed the anticipated methamphetamine transaction. The UC provided the address of the secure location where the transaction would take place and where the payment ($460,000) would be located. **Flores** informed the UC that he himself would bring the methamphetamine within a duffle bag currently at his hotel to the drug transaction. At the conclusion of the meeting, the UC and **Flores** each left the area.

### Subsequent Surveillance and Arrest of Flores and Firearms Seizure

5. Law enforcement agents surveilled **Flores** as he drove directly back to the Motel 6 at 1025 E. Benson Highway in Tucson, Arizona and went inside a room on the property, though agents at that point were unable to identify which specific room he entered. A short time later, agents observed **Flores** leave the Motel 6 carrying a medium-sized black bag in his left hand. **Flores** placed the black bag inside a vehicle, a blue Dodge Charger, and then left the Motel 6 in the Dodge accompanied by a female passenger.

6. Agents then saw Flores drive in the direction of the meeting location provided by the UC. At this point, law enforcement officers from the Pima County Sheriff's Office stopped **Flores**'s vehicle. When officers approached, they noted that **Flores**'s cell phone was openly displaying directions to the secure location provided by the UC. **Flores** had no identification and initially provided a false name to the officers. He also denied being in possession of any contraband.

7. During a subsequent search of the Dodge, officers found a loaded Glock Model 19 9mm firearm, serial number BPWV176, underneath the driver's seat where **Flores** was sitting. Officers also found two loaded Glock magazines elsewhere within the vehicle. Additionally, law enforcement officers located a medium-sized black bag matching the description of the bag that agents had seen **Flores** putting into the vehicle upon leaving the Motel 6. Inside of this bag, officers found two loaded magazines and an unloaded AR-15-style firearm, serial number NS261231, with an empty magazine. Agents were unable to locate any methamphetamine in the Dodge.

8. **Flores** and the female passenger, later identified as **Flores**'s wife, were taken into custody.

9. Agents subsequently returned to the Motel 6 and identified the room in which **Flores** had been staying by speaking with the hotel management. They learned that the room was rented in the name of **Flores**'s wife. Upon receiving the wife's consent to search the room, agents searched but were unable to locate any bulk quantities of methamphetamine in the motel room.

### Post-Arrest Statement of Flores

10. At approximately 6:50 p.m., **Flores** waived his *Miranda* rights and provided a recorded statement to investigators. In summary, **Flores** admitted to participating in and coordinating the planned narcotics transaction and claimed that his role was to oversee and provide "security" for the exchange. He was advised to bring a firearm to the transaction and to tell the UC that he was armed. **Flores** expected to be paid approximately $2,000 for his participation. **Flores** believed other DTO associates would deliver the methamphetamine but denied knowing who they were. In the interview, **Flores** acknowledged telling the UC that the methamphetamine was located in his motel room.